# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANGELA NORTHRUP,
     Appellant,

     v.

DEPARTMENT OF VETERANS
    AFFAIRS,
     Agency.

DOCKET NUMBER
NY-1221-23-0097-W-1

DATE: February 28, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alan E. Wolin, Esquire, Jericho, New York, for the appellant.

Nelda Davis, Esquire, Baltimore, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to find that an involuntary resignation is cognizable in an IRA appeal, to conclude that disclosures 9 and 10 were also protected by 5 U.S.C. § 2302(b)(9)(C), and to discuss factors 2 and 3 as set forth in *Carr v. Social Security Administration*, 185 F.3d 1318 (Fed. Cir. 1999). Except as expressly MODIFIED herein, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant does not challenge the administrative judge's conclusion that the relevant personnel actions included (1) a December 13, 2022 Proficiency Report for the period October 24, 2021, to October 24, 2022, which contained an overall unsatisfactory rating, (2) a December 20, 2022 letter advising that a Professional Standards Board (PSB) would be convened to conduct a summary review of her employment during her probationary period and to make recommendations concerning her retention in or separation from the agency, and (3) her termination during her probationary period, effective February 1, 2023. Initial Appeal File (IAF), Tab 37, Initial Decision (ID) at 14. She also does not challenge the administrative judge's finding that her allegations of a derogatory supervisory tone and her own resignation, effective January 20, 2023, did not

constitute personnel actions under 5 U.S.C. § 2302(a)(2)(A), and that these acts combined with her other allegations did not rise to the level of a "significant change in duties, responsibilities, or working conditions" pursuant to 5 U.S.C. § 2302(a)(2)(A)(xii).[2]  ID at 12-13.  Moreover, the agency has not filed a cross petition for review and does not otherwise challenge the administrative judge's findings on the appellant's prima facie case.  ID at 7-14.  Accordingly, we affirm the initial decision in this regard.

Although not raised by the appellant, we modify the initial decision to find in the alternative that disclosures 9 and 10, involving her complaints to the Office of Accountability and Whistleblower Protection (OAWP), constitute activity protected by 5 U.S.C. § 2302(b)(9)(C), which states that an employee engages in protected activity when she cooperates with or discloses information to an agency component responsible for internal investigation or review in accordance with applicable provisions of law.  ID at 10-11; *see* 38 U.S.C. § 323(c)(1)(H)(iii) (stating that OAWP is responsible for "[r]eceiving, reviewing, and investigating allegations of misconduct, retaliation, or poor performance involving . . . a supervisory employee, if the allegation involves retaliation against an employee for making a whistleblower disclosure").  We now turn to the appellant's assertions on review.

---

[2] The administrative judge erred when she found that an involuntary resignation claim did not constitute a cognizable personnel action in an IRA appeal.  ID at 13; *see Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 10 (2015); *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 & n.5 (2014).  However, the administrative judge's error is not material because the appellant did not prove that her resignation was involuntary.  *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013) (explaining that an appellant can prove that her resignation was involuntary by showing that she lacked a meaningful choice in the matter and the agency's wrongful actions deprived her of that choice); *see also Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to the appellant's substantive rights provides no basis for reversal of the initial decision).  Moreover, as noted herein, the appellant does not raise this issue on review.

<u>We agree with the administrative judge that disclosures 1 and 6 do not constitute disclosures that are protected by 5 U.S.C. § 2302(b)(8).</u>

The appellant asserts that the administrative judge should have found that disclosures 1 and 6 were protected by 5 U.S.C. § 2302(b)(8) because, among other things, they could not be separated from disclosures 2, 9, and 10, which the administrative judge found were protected. Petition For Review (PFR) File, Tab 1 at 19-21; ID at 8-11. This argument is not persuasive.

Disclosure 1 described a July 18, 2022 letter that the appellant wrote to her first-line supervisor and others, in which she explained, among other things, that she did not have adequate time to serve as director of two programs, and she recommended that the agency hire a full-time replacement for the Director of the Post-Baccalaureate Registered Nurse Residency (PBRNR) Program so that she could return to her primary role as the Director of the Registered Nurse Transition to Practice (RNTTP) Program. ID at 8-9; IAF, Tab 1 at 90. The administrative judge found that a reasonable person in the appellant's position would not have believed that her letter evidenced a gross waste of funds. ID at 9. We discern no error with the administrative judge's conclusion in this regard. *See, e.g., Webb v. Department of Interior*, 122 M.S.P.R. 248, ¶ 10 n.3 (2015) (stating that an employee discloses a gross waste of funds when she alleges that a more than debatable expenditure is significantly out of proportion to the benefit reasonably expected to accrue to the Government).

Disclosure 6 described a September 19, 2022 email that the appellant sent to her supervisor, in which she stated, among other things, that, because she was administering two programs and there was no program coordinator, her lack of communication was the result of her not having "enough time in the week." ID at 10; IAF, Tab 7 at 26. The appellant also requested in this email to "'unmerge' the two residency positions because the amount of work required to make them go smoothly is significant and even more so with the lack of a program coordinator." ID at 10; IAF, Tab 7 at 26. The administrative judge

found that the appellant's concerns did not constitute a violation of law, rule, regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. ID at 10. Here, too, we discern no error with the administrative judge's conclusion.

As the administrative judge noted, the basis for the appellant's disclosures involved her attempts to uncouple the two positions (RNTTP Director and PBRNR Interim Director) in order to perform only the one position for which she had applied, RNTTP Director. ID at 3. Although the appellant's disclosures may have involved the same general issues and/or concerns, they did not involve the same verbiage or allegations and were not sent to the same recipients. For these reasons, we discern no error with the administrative judge's analysis, as modified herein, or her specific finding that disclosures 1 and 6 were not protected.

<u>We agree with the administrative judge that the appellant is not entitled to corrective action.</u>

We next turn to the question of whether the agency proved by clear and convincing evidence[3] that it would have separated the appellant absent her protected activity. In determining whether an agency has met its burden, the Board will consider all relevant factors, including the following: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who do not engage in such protected activity, but who are otherwise similarly situated. *Carr*, 185 F.3d at 1323. The Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence but rather weighs these factors together to determine

---

[3] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. 5 C.F.R. § 1209.4(e).

whether the evidence is clear and convincing as a whole. *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 13.

The initial decision reflects the administrative judge's consideration of the evidence relating to *Carr* factor 1. ID at 15-20. In *Smith v. General Services Administration*, 930 F.3d 1359, 1365 (Fed. Cir. 2019), the court clarified that the issue was not whether the action or discipline was "justified," but whether agency "would have acted in the same way absent the whistleblowing." In the initial decision, the administrative judge reviewed the relevant evidence and found that the agency proved by clear and convincing evidence that it would have issued the unsatisfactory Proficiency Report, referred the appellant to the PSB and convened the PSB, and terminated her absent her whistleblowing disclosures and activity. ID at 15-20.

On review, the appellant contends that the administrative judge erred because "most, if not all, of the examples that [her supervisor] gave to 'justify' the rating occurred <u>after</u> [the appellant] began making her disclosures," the examples were largely based on the PBRNR position, not the RNTTP position, the Proficiency Report should be compared to the proficiency report that the appellant prepared and her rebuttal, which "more accurately reflected [the appellant's] true job performance," and all of the actions that followed flowed from the Proficiency Report. PFR File, Tab 1 at 21 (emphasis in original). These assertions do not warrant a different outcome.

Importantly, the initial decision reflects that the administrative judge reviewed the Proficiency Report and the appellant's "lengthy contemporaneous rebuttal," and she discussed some of the specific differences between the Proficiency Report and the rebuttal. ID at 16-17. After reviewing the rebuttal and the entire record, the administrative judge concluded that the Proficiency Report was not "inaccurate" and that the evidence supports the supervisor's testimony that there was nothing improper about the appellant's work assignments. ID at 17. The administrative judge further found that the PSB and

the deciding official "were ultimately fully informed of the issue, and did not view it as a basis to change the assignments or reconsider the termination." *Id.* The appellant's argument does not persuade us that the administrative judge erred in her analysis of *Carr* factor 1 or her implicit conclusion that this factor favors the agency.

The administrative judge did not explicitly discuss *Carr* factors 2 and 3 in the initial decision. Although the appellant does not raise this issue on review, we modify the initial decision to explicitly consider these factors.

Regarding *Carr* factor 2, the record reflects that disclosure 2—which asserted, among other things, that the agency's actions violated VA Directive 1077—was sent directly to the appellant's supervisor, who issued the Proficiency Report. Thus, the supervisor could have a motive to retaliate. *See, e.g.*, *Russell v. Department of Justice*, 76 M.S.P.R. 317, 326 (1997) (finding that the officials involved had a strong motive to retaliate because, in part, they were the subjects of the whistleblowing disclosures). The appellant advised the PSB that the agency's decision to merge the positions "was inappropriate and violative of relevant rules and regulations" and that she communicated with "OAWP, [the Office of Personnel Management], [and the Office of Special Counsel]" about the propriety of the agency's decision. IAF, Tab 1 at 132-43. The members of the PSB and the deciding official were not involved in any decisions regarding her work assignments; thus, the appellant's disclosures did not directly implicate them. However, precedent from the U.S. Court of Appeals for the Federal Circuit instructs that, in assessing this factor, the Board should fully consider whether a motive to retaliate can be imputed to the agency officials involved and whether those officials possessed a "professional retaliatory motive," because the whistleblower's disclosures implicated agency officials and employees in general. *Soto*, 2022 MSPB 6, ¶ 15 (internal citations omitted). Under these circumstances, we find that there could be some professional motive to retaliate. We conclude that any professional motive to retaliate on the part of

the deciding official is vanishingly low because she testified that she gave "very significant weight" to the PSB's recommendations because they are the "subject matter experts," and she has never dissented from a PSB recommendation. IAF, Tab 29 (testimony of the deciding official). Therefore, we find that this factor slightly weighs in the appellant's favor.

Regarding *Carr* factor 3, as noted above, the deciding official testified that she never dissented from the PSB recommendations. *Id.* However, the agency did not offer any evidence as to whether the other individuals who went before the PSB were non-whistleblowers and/or had similar allegations against them. *See Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018) (noting that the "precise inquiry" in *Carr* factor 3 involves the "agency's treatment of non-whistleblower employees accused of similar misconduct"). The agency acknowledges in its response to the petition for review that the appellant's supervisor did not testify that she rated other nurses as unsatisfactory, but she was still in her first year as a manager. PFR File, Tab 3 at 19. Ultimately, because the agency did not provide evidence responsive to this *Carr* factor, we conclude that this factor does not weigh in the agency's favor. *See, e.g.*, *Siler*, 908 F.3d at 1299 ("[In the] absence of relevant comparator evidence, the third *Carr* factor cannot favor the government."); *Miller v. Department of Justice*, 842 F.3d 1252, 1262 (Fed. Cir. 2016) ("[T]he court may not simply guess what might happen absent whistleblowing. The burden lies with the Government.").

Based on the parties' petition for review submissions and our evaluation of the *Carr* factors, we find that the agency proved by clear and convincing evidence that it would have taken the personnel actions in question absent the appellant's whistleblowing disclosures and/or protected activity. Accordingly, notwithstanding our modifications to the initial decision, we agree with the administrative judge's decision to deny the appellant's request for corrective action.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                                    _____
                                                 Gina K. Grippando
                                                 Clerk of the Board

Washington, D.C.